IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

WARREN CHASE #326-514
                Petitioner                    :

                  v.                   :  CIVIL ACTION NO.  CCB-11-3543

THE BALTIMORE CITY CIRCUIT     :
  COURT, et al.,
                  Respondents      :

**MEMORANDUM**

**I.**     **Procedural History**

Warren Chase, a Maryland Division of Correction prisoner presently confined at the North Branch Correctional Institution in Cumberland (NBCI), filed this petition alleging a denial of access to the state courts and seeking to compel Baltimore City Circuit Court Judge David W. Young to reverse his findings in an action filed by Chase and reopen proceedings in order to obtain an audio recording of Chase's October 22, 2008 hearing held before Anne Arundel County Circuit Court Judge Pamela North.  ECF No. 1 at 3-9.  Chase names a plethora of prison and courthouse personnel whom he alleges have tampered with his legal mail.  He claims these individuals wrongfully diverted numerous motions he has attempted to file in Baltimore City Circuit Court in connection with the case before Judge Young, and as a result were never received for court review. [1] *Id.*

---

[1] Chase's first consolidated civil rights action against the Clerks of the Anne Arundel County and Baltimore City Circuit Courts, which raised claims similar to those presented here, was dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).  *See Chase v. Duckworth, et al*., Civil Action No. CCB-10-2010 (D. Md.).  A second action, filed as a hybrid civil rights action and mandamus relief request, was dismissed on the merits on November 3, 2011.  *See Chase v. State of Maryland, et al.,* Civil Action No. DKC-11-1096 (D. Md.) (consolidated with DKC-11-1156).

**II. Analysis**

The instant action was instituted as a habeas corpus petition filed pursuant to 28 U.S.C. § 2241. Because Chase seeks to compel certain actions by the state and/or its agents, the action most closely resembles a writ of mandamus. *See* 28 U.S.C. 1361. A federal district court has original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or one of its agencies to perform a duty owed to a petitioner. A federal district court, however, has no mandamus jurisdiction over the State of Maryland or its judicial employees and cannot compel respondents employed by the state court to provide Chase with the relief he seeks. *See generally, Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587 (4th Cir. 1969); *see also* 28 U.S.C. § 1361.[2] A writ of mandamus is an extraordinary writ that is only available in cases where no other means by which the relief sought could be granted. *See In re Beard*, 811 F.2d 818, 826 (4th Cir.1987). Furthermore, mandamus relief is available only when the petitioner has a clear right to the relief sought, s*ee In re First Fed. Sav. & Loan Assn.,* 860 F.2d 135, 138 (4th Cir. 1988), and is a drastic remedy to be used only in extraordinary circumstances.[3] *See Kerr v. United States District Court*, 426 U.S. 394, 402 (1976); *In re Beard*, 811 F.2d 818, 826 (4th Cir. 1987). The court does not find a basis for affording mandamus relief

Prisoners have a constitutionally protected right of access to the courts. *See Bounds v. Smith*, 430 U. S. 817, 821 (1977). However:

> *Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

*Lewis v. Casey*, 518 U. S. 343, 355 (1996).

2

"Ultimately, a prisoner wishing to establish an unconstitutional burden on his right of access to the courts must show 'actual injury' to 'the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts.'" *O'Dell v. Netherland*, 112 F. 3d 773, 776 (4th Cir. 1997), *quoting Lewis*, 518 U.S. at 355. "The requirement that an inmate alleging a violation of *Bounds* must show actual injury derives ultimately from the doctrine of standing, a constitutional principle that prevents courts of law from undertaking tasks assigned to the political branches." *Lewis*, 518 U.S. at 349.

**III     Analysis**

The gist of Chase's complaint is premised on his belief that numerous individuals, ranging from high-ranking state officials, Division of Correction ("DOC") personnel, prison mental health providers and social workers, and personnel in the Baltimore City courthouse, steal his outgoing legal mail in order to deprive him of a court-ordered transfer from the DOC to the Department of Health and Mental Hygiene ("DHMH"). Chase's entitlement to placement in such a facility has been litigated in this court. *See Chase v. Warden*, Civil Action No. CCB-09-241 (D. Md.). In that habeas corpus action the record revealed that Chase was convicted on July 19, 2005, in the Circuit Court for Anne Arundel County of armed robbery, use of a handgun in the commission of a crime of violence, and conspiracy to commit armed robbery. He received a twenty-year sentence, all but fifteen years suspended, for the armed robbery conviction, five years without parole for the handgun offense consecutive to the robbery sentence, and a five-year concurrent sentence for the conspiracy conviction, with a maximum expiration date for this term of confinement of July 19, 2025. *Id.*, ECF No. 7 at 1. On October 22, 2008, the Honorable Pamela L. North of the Circuit Court for Anne Arundel County ordered Chase committed to the Maryland Department of Health and Mental Hygiene (DHMH) for drug and/or alcohol

treatment, with transfer contingent upon the availability of bed space at an appropriate facility designated by DHMH. *Id*., ECF No. 7 at 1.

In his federal habeas action, chase argued that Judge North's order entitled him to immediate release on probation and/or admission to the Mountain Manor/Gaudenzia program, an unlocked drug treatment facility in Emmitsburg, Maryland. Civil Action No. CCB-09-241, ECF Nos. 1 and 5. The Commissioner of Correction and the State's Attorney for Anne Arundel County successfully sought reconsideration of the order committing Chase to DHMH, arguing that he is not amenable to placement in an unlocked facility based on his long history of prison disciplinary infractions and a diagnosis of severe antisocial personality disorder.[2] *Id*., ECF No. 7 at 2. Despite the rescission of Judge North's order, Chase has continued to petition the Anne Arundel Circuit Court for placement in a DHMH facility. Additionally, Chase has filed dozens of cases in the Baltimore City Circuit Court, including eight filed in the past two years.[3] Civil Action No. DKC-11-1096, ECF No. 29 at 5-6.

Chase has inundated the state courts, filing motions and petitions in connection with his criminal conviction as well as dozens of civil actions, including agency appeals.[4] Examination of the electronic docket reveals multiple entries relating to many of these cases. *Id*., ECF No. 29 at 6. In this case, Chase again claims that he attempted on many occasions to mail papers relevant to his habeas corpus petition concerning his DHMH commitment to the Baltimore City

---

[2] The history of Chase's conviction as well as docket entries concerning his attempts to be committed to the DHMH for alcohol or drug treatment under Maryland's Health General Art. 8-507 is available at http://casesearch.courts.state.md.us/inquiry/inquiryDetail.jis?caseId=02K04000366&loc=60&detailLoc=K

[3] *See* http://casesearch.courts.state.md.us/inquiry/inquirySearch.jis

[4] Chase additionally has filed dozens of actions in this court. As many of them were deemed legally frivolous, he is now subject to the "three strikes" provision and barred from proceeding in this court unless the facts alleged indicate he is in imminent danger of physical harm. *See* 28 U.S.C. § 1915(g). The first "strike," in *Chase v. Sanders, et al.,* Civil Action No. CCB-02-2141 (D. Md.), was dismissed on July 3, 2002. *Chase v. Everd*, Civil Action No. CCB-07-2581 (D. Md.) was dismissed on January 14, 2008. *Chase v. Baynes*, Civil Action No. CCB-09-691 (D. Md.) was dismissed on March 20, 2009.

Circuit Court, and alleges the copies were either stolen by NBCI correctional or mailroom staff or the Clerk of Court and/or his staff. ECF No. 1 at 4-9; Civil Action No. DKC-11-1096, ECF No. 1 at 8. It appears that one or more of these cases may have been received by the Circuit Court and either dismissed or ignored.[5] In any event, the state courts have determined that Chase is not entitled to release to DHMH; thus, he cannot establish actual injury as a result of any alleged misconduct on the named respondents.

In short, Chase is not entitled to the relief he seeks. A separate Order shall be entered denying relief and closing this case.

December 16, 2011                                         /s/
(Date)                                              Catherine C. Blake
                                                    United States District Judge

---

[5] *See* http://casesearch.courts.state.md.us/inquiry/inquiryDetail.jis?caseId=24C10000342&loc=69&detailLoc=CC;
http://casesearch.courts.state.md.us/inquiry/inquiryDetail.jis?caseId=24H11000162&loc=69&detailLoc=CC